■ In the Matter of the Estate of Helen Thompson, Deceased. Sidney Naishtat, Appellant; Peter B. Hill, Respondent. [673 NYS2d 395] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered on or about March 5, 1997, which, *inter alia,* awarded appellate counsel fees and expenses to the successor administrator, *c.t.a.,* payable by appellant Sidney Naishtat, unanimously affirmed, with costs and disbursements payable by appellant.

Helen Thompson, before her death, was physically and mentally unable to properly care for her own health and financial affairs. Her nephew, Draper Hill, and appellant, her attorney, were appointed co-conservators of her person and property by the Supreme Court. Thereafter, the Supreme Court removed both Hill and Naishtat based on irreconcilable differences between them and appointed a successor conservator. Upon the death of Helen Thompson, her will, drawn up by appellant and naming him as executor, made Draper Hill a principal beneficiary and her sister Betty McNeely and a niece as other beneficiaries. McNeely offered the will for probate and with the consent of all beneficiaries petitioned for letters of administration, *c.t.a.,* in lieu of the grant of letters testamentary to Naishtat. In support of this application, she noted the irreconcilable differences between him and Draper Hill, which could jeopardize the orderly administration of the estate. The Surrogate's Court, after a hearing, found that Draper Hill and Naishtat had engaged in litigation following their removal as co-conservators, and while the will's selection of a fiduciary

was entitled to great weight, the hostility between Naishtat and Draper Hill, the prime beneficiary, jeopardized the orderly administration of the estate, which, valued at $52,000, was insufficient to fund continued litigation. Thus, the Surrogate issued letters of administration, *c.t.a.* to McNeely. McNeely died and P. Hill was substituted as successor administrator, *c.t.a.* This Court unanimously affirmed the decree of the Surrogate denying letters to appellant, holding that: "The Surrogate's finding of * * * hostility here is amply supported by the record" (*Matter of Thompson,* 232 AD2d 219, 220). In a subsequent order, we denied a motion for counsel fees and costs pursuant to SCPA 2302 (5) with leave to renew before the Surrogate. Thereafter, the Surrogate's Court, in the order appealed from herein, awarded P. Hill $3,500 in counsel fees plus $286.09 in expenses for his defense of Naishtat's appeal, payable by Naishtat.

Under the circumstances herein, the Surrogate's finding that appellant was "clearly motivated by his own interest" in appealing the denial of letters and that such appeal further delayed the distribution of the estate and incurred further costs for the estate, was justified by the record before her and was not an improvident exercise of discretion. Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Mazzarelli, JJ.